UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

                Plaintiff,

    v.

WILLIAM SWAIN, et al.,

                Defendants.

CASE NO. C14-5886 BHS-KLS

ORDER TO AMEND OR SHOW CAUSE

Plaintiff David Troupe, proceeding pro se and in forma pauperis, has submitted an "Expedited Civil Rights Complaint." Dkt. 5. The Court declines to serve the complaint as it is deficient but grants Mr. Troupe leave to file an amended complaint.

## DISCUSSION

Mr. Troupe is incarcerated at the Stafford Creek Corrections Center (SCCC). He names over 70 defendants in his 48 page complaint. Many of the defendants are identified only as "All IIU SCCC Staff," "SCCC F Unit OA," "All Nurses at SCCC," All SCCC MH Staff," "All Secretaries SCCC," All Records Staff," "Superintendent's Secretary," "Secretary of Dan Van Ogle," and "Mailroom Sgt. SCCC," and there are insufficient allegations in the complaint against these individuals to state a claim under 42 U.S.C. § 1983. In addition, the complaint is overly long, rambling, and disjointed, all of which makes it difficult for the Court to discern whether Mr. Troupe has properly stated a claim for relief.

**A.     Pleading Short and Plain Statement of Claims**

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)).  In addition, the complaint must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.

Therefore, if Mr. Troupe intends to pursue this lawsuit, he should file an amended complaint with short, plain statements telling the Court: (1) the constitutional right he believes was violated; (2) name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of his constitutional rights; and (5) what specific injury he suffered because of that person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

Mr. Troupe must repeat the process described above for each person he names as a defendant, including the "John Doe" and "Jane Doe" defendants.  If he fails to affirmatively link the conduct of each named defendant with the specific injury suffered by him, the claim against that defendant will be dismissed for failure to state a claim.  For example, it is not sufficient to allege claims against "all nurses" or "all secretaries."  Conclusory allegations that entire groups have violated a constitutional right are not acceptable and will be dismissed.

If Mr. Troupe names a supervisory official, he must allege facts describing how that official personally participated in the constitutional deprivation (and tell the Court the five things listed above), or allege facts describing how that official was aware of the similar widespread abuses, but with deliberate indifference to his constitutional rights, failed to take action to

prevent further harm to him. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

The amended complaint should be no longer than 20 pages. Mr. Troupe should state all of his allegations relating to each claim under separate headings and within those headings should describe exactly what happened, who was involved, and how their involvement caused him harm.

**B.      Claims Relating to Behavior Programming Plan (BPP)**

Mr. Troupe complains at length throughout his complaint about a BPP, which he claims contains false sexual allegations and has resulted in retaliatory actions against him. However, Mr. Troupe has a pending lawsuit with claims relating to the BPP. *See* Case No. 14-5650 BHS. He is ordered to show cause why the allegations in this complaint relating to the BPP should not be dismissed.

**C.      Claims Relating to PREA Investigation**

Mr. Troupe also claims that his kites are not being processed properly because William Swain controls all of his kites during an ongoing PREA investigation. He also alleges that he is being retaliated against because of his PREA complaint. Mr. Troupe has a pending lawsuit with claims relating to his PREA complaint. *See* Case No. 14-5529 RBL. He is ordered to show cause why the allegations in this complaint relating to his PREA complaint should not be dismissed.

**D.      Retaliation Claims**

Mr. Troupe claims that a large number of individuals are retaliating against him but the allegations are vague and do not state a claim for retaliation. *See, e.g.,* Dkt. 5, pp. 24-26. "A prisoner suing prison officials under 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance

legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam) (*citing Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985)). These claims must be evaluated in the light of the deference that must be accorded to prison officials. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir.1995). The prisoner must establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Id.* Finally, the prisoner must demonstrate that his first amendment rights were actually chilled by the alleged retaliatory action. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000).

To properly state a claim of retaliation, Mr. Troupe must not only name the individuals and identify the constitutional activity in which he was engaged, he must also describe what retaliatory action each individual took, explain why the action did not advance legitimate penological goals, and describe how his first amendment rights were actually chilled by the retaliatory action.

**E.    Claims Relating to Self-Harm**

Mr. Troupe alleges that several corrections officers ignored his assertions that he was going to harm himself and that he was suicidal. A prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, Mr. Troupe must plead facts sufficient to show that each of the defendants named in this claim purposefully ignored or failed to respond to his pain or possible medical need.

Mr. Troupe may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before December 8, 2014.** Mr. Troupe **should list his claims in separately numbered paragraphs containing all**

ORDER TO AMEND OR SHOW CAUSE - 4

1  **relevant factual allegations relating to each separately numbered claim.  In addition, the**

2  **amended complaint should be no longer than 20 pages.**  The amended complaint must be

3  legibly rewritten or retyped in its entirety and contain the same case number.  Any cause of

4  action alleged in the original complaint that is not alleged in the amended complaint is waived.

5  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other*

6  *grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

7  The Court will screen the amended complaint to determine whether it contains factual

8  allegations linking each defendant to the alleged violations of Mr. Troupe's rights.  If the

9  amended complaint is not timely filed or fails to adequately address the issues raised herein, the

10  Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the

11  dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g),

12  enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are

13  dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be

14  precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is

15  under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

16  **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**

17  **1983 civil rights complaint and for service, a copy of this Order and the General Order.**

18  **DATED** this 12th day of November, 2014.

Karen L. Strombom
United States Magistrate Judge